IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**HAMONN PRATT, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                     No. 4:22-cv-286 KGB

**SC REALTY SERVICES, INC.**                 **DEFENDANT**

### JOINT MOTION FOR APPROVAL OF SETTLEMENT

Named Plaintiff Hamonn Pratt, individually and on behalf of all others similarly situated, and Defendant SC Realty Services, Inc., by and through their respective undersigned counsel, jointly submit their Motion for Approval of Settlement and state as follows:

1. On March 28, 2022, Named Plaintiff filed suit against Defendant alleging violations of the minimum wage and overtime provisions of the Fair Labor Standards Act (FLSA) and the Arkansas Minimum Wage Act (AMWA). *See* ECF No. 1.

2. Specifically, Named Plaintiff alleged that Defendant failed to pay him and others similarly situated for the time spent driving between Defendant's client's facilities, and failed to reimburse him and others similarly situated for job-related expenses, such as but not limited to gasoline expense, automobile costs and depreciation, or insurance. *Id*.

3. On November 30, 2022, this Court conditionally certified the following collective: "All janitors employed by SC Realty Services, Inc. in Arkansas since March

28, 2019." *See* ECF No. 29. The Court also authorized the issuance of Notice by U.S. mail and text. *Id.*

4. An opt-in Notice period ensued, and 597 individuals returned a Consent to Join form.

5. Following the Notice period, Defendant provided timesheets and payroll data showing clock-in and clock-out times corresponding to each janitor's job location. After reviewing these documents, it was determined that the majority of the individuals who opted in drove to and from one work site per day. Thus, Plaintiffs' counsel determined that any potential claim for unpaid drive time or mileage reimbursement for these individuals would likely be greatly affected by the Portal-to-Portal Act and 29 CFR § 790.5, under which employers are relieved of liability for the payment of wages during preliminary or postliminary activities, such as driving to and from their place of work. Accordingly, the individuals who only drove to and from one work site per day have been withdrawn, *see* ECF No. 98, and the current settlement implicates only the 20 remaining individuals who drove to multiple sites during their workday ("Participating Opt-In Plaintiffs" and, together with Named Plaintiff, "Plaintiffs").

6. After Defendant provided time records and payroll data, and after significant additional discovery including the deposition of Named Plaintiff, the Parties entered into arm's-length settlement discussions. These negotiations culminated in an agreement to settle all claims brought in the action for Plaintiffs. The Parties seek this Court's approval of their agreement as memorialized in the Collective Action Settlement Agreement and Release of Claims attached as Exhibit 1 ("Agreement").

7. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018) ("[W]e will assume without deciding that the district court has a duty to exercise some level of review of the Agreement."). The district court must determine that "the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute." *Bryson v. Patel*, No. 4:20-CV-00065-ERE, 2021 WL 2446352, at *1 (E.D. Ark. June 15, 2021) (internal quotations and citation omitted); *see also Lynn's Food*, 679 F.2d at 1353-54 (the adversarial nature of litigated FLSA cases is generally a sufficient indicator of the fairness of the settlement).

8. Ultimately, if the proposed FLSA settlement is a reasonable compromise of contested issues, the district court should approve the settlement. *Lynn's Food*, 679 F.2d at 1354; *see also Bryan v. Mississippi Cty., Arkansas*, No. 3:18-CV-130-DPM, 2020 WL 9048650, at *1 (E.D. Ark. May 12, 2020) (approving proposed liability settlement that was "[a]ll material things considered, … fair, reasonable, and adequate"); *Sims v. Goodwill Industries of Arkansas, Inc.*, No. 4:19-cv-00289-KGB, 2019 WL 5957177, at *2 (E.D. Ark. Nov. 12, 2019) (approving proposed settlement that both provided a reasonable recovery to the plaintiff and furthered the implementation of the FLSA in the workplace).

9. The Agreement was reached after extensive, arm's-length negotiations between experienced counsel, and it settles specific bona fide wage and hour disputes.

Specifically, Plaintiffs allege that they were owed wages for the time in which they drove to and from Defendant's client's facilities, as well as reimbursement for automobile expenses. Defendant avers that it paid Plaintiffs a proper minimum wage and overtime at all times and that Plaintiffs are not owed any back pay.

10. To facilitate settlement discussion, Plaintiffs' counsel calculated Plaintiffs' damages assuming the allegations in the Complaint to be true. The damages take into account each Plaintiffs' clock-in and clock-out times in between work sites and credited any time in between to bridge the gap, such that no interruption in pay was allowed for time spent traveling from one work site to the next. Because of each Plaintiff's relatively high average rate of pay compared to the federal minimum wage, no damages for plausible mileage reimbursement were calculated.

11. Under the terms of the settlement, each Plaintiff will receive 100% of their calculated damages for unpaid drivetime. This is a fair compromise because Plaintiffs' amounts include payment for all weeks in which there were multiple work sites per day, regardless of whether the Plaintiff worked 40 hours in that week.

12. In addition to his minimum wage and overtime damages, Named Plaintiff will be receiving a service award of $1,600.00 for his time and effort spent in the lawsuit, including actively providing information to his attorneys, helping to secure certification of the collective, and providing his testimony at his deposition.

13. The FLSA provides for an award of a reasonable attorney's fee and costs to prevailing plaintiffs. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). Here, the Parties reached an

amount of attorneys' fees and service award amount separate from and after the settlement of Plaintiffs' settlement fund. Accordingly, the Parties do not seek review of this portion of their settlement. *See Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (8th Cir. 2019) ("When the parties negotiate the reasonable fee amount separately and without regard to the plaintiff's FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement. Thus, regardless of whether we read the statute as requiring approval for FLSA settlements, we do not read it as requiring approval of settled attorney fees.").

14. Pursuant to the terms of their Agreement, the Parties request the Court to leave this matter open for forty-five (45) days for the purpose of enforcing the terms of the Agreement. After such time, should no Party move for relief, the Parties request that this matter be dismissed with prejudice.

WHEREFORE, the Parties request that the Court enter an order approving the Agreement, retaining jurisdiction to enforce the terms of the Agreement, and for all other relief to which they are entitled.

Respectfully submitted,

**HAMONN PRATT, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

        Sean Short
        Ark. Bar No. 2015079
        sean@sanfordlawfirm.com

        Josh Sanford
        Ark. Bar No. 2001037
        josh@sanfordlawfirm.com

**and   DEFENDANT SC REALTY SERVICES, INC.**

        KUTAK ROCK LLP
        One Union National Plaza
        124 West Capitol Ave., Suite 2000
        Little Rock, Arkansas 72201
        Telephone: (501) 975-3000
        Facsimile: (501) 975-3001

        James M. Gary
        Ark. Bar No. 80051
        Jim.gary@kutakrock.com

        FISHER & PHILLIPS LLP
        4622 Pennsylvania Avenue, Suite 910
        Kansas City, Missouri 64112
        Telephone: (816) 842-8770
        Facsimile: (816) 842-8767

        */s/ James C. Sullivan*
        James C. Sullivan (Pro Hac Vice)
        jsullivan@fisherphillips.com

        Gregory D. Ballew (Pro Hac Vice)
        gballew@fisherphillips.com