**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**HAMONN PRATT,**                                                                                              **PLAINTIFF**
**individually and on behalf**
**of all others similarly situated**

v.                                            Case No. 4:22-cv-00286-KGB

**SC REALTY SERVICES, INC.**                                                                         **DEFENDANT**

## ORDER

Plaintiff Hamonn Pratt, individually and on behalf of all others similarly situated, filed this action asserting claims under the Fair Labor Standards Act ("FLSA"), codified at 29 U.S.C. § 201, *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), Arkansas Code Annotated § 11-4-201, *et seq.* (Dkt. No. 1, ¶ 1).  Before the Court is the parties' joint motion for approval of settlement (Dkt. No. 99), along with an attached copy of the collective action settlement agreement and release of claims ("Settlement Agreement") (Dkt. No. 99-1).  For the following reasons, the Court grants the parties' joint motion for approval of settlement (Dkt. No. 99).

Settlement agreements resolving FLSA claims are typically subject to court approval.  *See Younger v. Ctrs. for Youth & Families, Inc.*, 2017 WL 1652561, at *1 (E.D. Ark. Apr. 27, 2017); 29 U.S.C. § 216(b).  Before approving a settlement, the Court must ensure that the parties are not negotiating around the FLSA's requirements and that the settlement represents a fair and reasonable resolution of a bona fide dispute.  *See id.*; *see also Int'l Union, United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007).

The Eighth Circuit Court of Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements.  However, other courts have scrutinized such settlements for fairness in two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors "internal" to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors "external" to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010); *see also Anthony v. Concrete Supply Co.*, Case No. 3:16-cv-70-TCB, 2017 WL 5639933, at *1 (N.D. Ga. August 23, 2017) (applying the *Dees* approach).

FLSA actions may be maintained "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). However, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.* Mr. Pratt submitted a consent to join collective action form to the Court along with the original complaint (Dkt. No. 1, at 15). The Court conditionally certified a class, and 597 individuals returned a Consent to Join form (Dkt. Nos. 29; 99, ¶ 4). Defendant S.C. Realty Services, Inc. ("S.C. Realty") provided timesheets and payroll data showing clock-in and clock-out times corresponding to each janitor's job location (Dkt. No. 99, ¶ 5). Plaintiffs' counsel determined that a majority of the individuals who opted in drove to and from one work site per day, and thus any claim for unpaid drive time or mileage reimbursement for these individuals would be greatly affected by the Portal-to-Portal Act and 29 C.F.R. § 790.5 (*Id.*, ¶ 5). Accordingly, many opt-in plaintiffs submitted a notice of withdrawal of consents to join this case (Dkt. No. 98).

Accordingly, the Settlement Agreement states that it applies to only 20 remaining individuals who drove to multiple sites during their workday (Mr. Pratt, who is referred to as the "Named Plaintiff," and individuals who drove to multiple sites during their workday, who are

2

referred to as "Participating Opt-In Plaintiffs," all of whom shall be known collectively as "Plaintiffs") (Dkt. No. 99, ¶ 5; 99-2, at 2).  The Settlement Agreement states that the parties who have "agreed to settle the Litigation" are "the Named Plaintiff and twenty (20) Opt-in Plaintiffs who are similarly situated to the Named Plaintiff," and "the claims of the non-Participating Opt-in Plaintiffs will be dismissed without prejudice so that they may individually pursue the claims alleged in the Litigation" (Dkt. No. 99-1, at 2).

The Settlement Agreement states that within 30 days after the effective date S.C. Realty "will deliver checks made payable to the Named Plaintiff and the Participating Opt-ins for the Settlement Awards in the amounts set forth in Exhibit 1" (*Id.*, ¶ 3.2(A)).  Exhibit 1 to the Settlement Agreement contains distribution of settlement awards and service award for 20 total individuals: Vanessa Acevedo, Rebecca L. Allen, Carla R. Bankston, Tanya R. Brewer, Edward L. Coleman, Frank Copeland, Layah F. Davis, Velisa Deshazo, Ana K. Garrido, Nancy Y. Gomez, William A. Gomez, Mersadies A. Graviet, Maricela Llanas, Juleene L. Mitchell, Robert J. Morris, Tabitha V. Pence, Hamonn, Pratt, Jennifer R. Walker, Kristen E. White, and Ryan Wilson (*Id.*, at 15).  Therefore, based on the record, the Court understands that "Plaintiffs" bound by the settlement agreement and release include only the "Named Plaintiff," defined as Hamonn Pratt, and the "Opt-In Plaintiffs," defined as Vanessa Acevedo, Rebecca L. Allen, Carla R. Bankston, Tanya R. Brewer, Edward L. Coleman, Frank Copeland, Layah F. Davis, Velisa Deshazo, Ana K. Garrido, Nancy Y. Gomez, William A. Gomez, Mersadies A. Graviet, Maricela Llanas, Juleene L. Mitchell, Robert J. Morris, Tabitha V. Pence, Jennifer R. Walker, Kristen E. White, and Ryan Wilson.  If the Court's understanding of the parties' agreement is incorrect, the parties should seek clarification from the Court of this Order.

At the request of the parties, having reviewed the Settlement Agreement and release signed by Mr. Pratt and David Harvey as CEO/President of S.C. Realty Service, Inc., the Court determines that the Settlement Agreement provides Plaintiffs a reasonable recovery and furthers the implementation of the FLSA in the workplace. Therefore, the Court grants the joint motion for approval of settlement and approves the Settlement Agreement (Dkt. Nos. 99; 99-1).

The Court removes the case from the Court's May 13, 2024, trial calendar. The Court leaves this matter open for 45 days for the purpose of enforcing the terms of the Settlement Agreement (Dkt. No. 99, ¶ 14). If after 45 days the parties to the Settlement Agreement do not move to dismiss the case, the Court shall dismiss the matter with prejudice *sua sponte* (*Id.*).

It is so ordered, this the 10th day of May, 2024.

*Kristine G. Baker*
Kristine G. Baker
Chief United States District Judge